

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED:___02/05/2026___

Connell Foley LLP
One Newark Center
1085 Raymond Blvd., 19th Floor
Newark, New Jersey 07102
P 973.436.5800  F 973.436.5801

**Matthew W. Bauer**
Partner
Direct Dial 973.436.5705
MBauer@connellfoley.com

February 5, 2026

**VIA ELECTRONIC FILING**
Stewart D. Aaron, U.S.M.J.
United States District Court
Southern District of New York
500 Pear Street
Courtroom 11A
New York, New York 10007

>       **Re:    Keisha Holmes v. Slade Elevator Inc.**
>               **Civil Action No. 25-cv-5531-GBD**

Dear Judge Aaron:

Our office represents Defendant, Slade Industries, Inc. (improperly pled as Slade Elevator Inc.) ("Slade"), in the above-mentioned matter. In furtherance of Slade's efforts to further identify eyewitness Corrections Officer Fernandez, Slade served a subpoena upon New York Department of Corrections for Officer Fernandez's first name and last known address.  In addition to identifying information for Officer Fernandez, Slade also included a request for any video footage, incident records, investigation materials, witness reports, and/or notes related to the alleged elevator incident that occurred on March 31, 2023 and for all documents concerning plaintiff's employment with the NYC Department of Corrections.

The Department of Corrections objected to the subpoena, in part, because same was not "So Ordered" by a judge. As such, we respectfully request Your Honor sign the subpoena to the New York Department of Corrections enclosed with this letter correspondence so that we may again serve same and obtain the requested records and information.

We thank Your Honor for your time and attention to the foregoing.

>                               Respectfully submitted,
>
>                               Matthew W. Bauer

MWB/RCD/wg/Encl.
cc:     Barbara E. Manes, Esq.

ENDORSEMENT: Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice. *See* Fed. R. Civ. P. 45(a)(3). "Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Galgano v. Cnty. of Putnam*, No. 16-CV-03572 (KMK) (PED), 2021 WL 2036709, at *1 (S.D.N.Y. May 21, 2021) (citation omitted). "Accordingly, Rule 45 subpoenas do not ordinarily require a judge's signature." *Id*. "Despite the self-executing nature of attorney-issued subpoenas, federal judges are sometimes called upon to 'So Order' subpoenas." *Id*. (citation omitted). "This Court has occasionally done so, typically where the recipient of the subpoena is subject to privacy regulations or has an announced policy requiring a court order, and where the relevance of the subpoenaed material is clear." *Id*.

Here, according to defense counsel, the NYC Department of Corrections ("NYCDOC") objected to the attorney-served subpoena because it was not "So Ordered." The Court infers that such objection was based upon a policy of the NYCDOC. The subpoena prepared by defense counsel seeks three categories of material:

1. Any and all video footage, incident records, investigation materials, witness reports, and/or notes related to an elevator incident that occurred on March 31, 2023 at the Vernon C. Bain Correctional Center in Bronx, NY, resulting in alleged injuries to Corrections Officer Keisha Holmes (DOB: 04/29/1980).
2. The first name and last known address of Corrections Officer Fernandez.
3. Any and all documents concerning Holmes' employment with the NYC Department of Corrections, including but not limited to, offer of employment; employment contracts; correspondence related to employment; confirmation of current position and/or rank; salary/wage information; payroll records; attendance records; and accident and/or incident records.

The Court finds that the first two categories are relevant to the claims in this action. Category 1 is relevant to the incident at issue in this action. (*See* Compl., ECF No. 1-1, ¶ 16.) Category 2 is relevant because Plaintiff testified that Officer Fernandez was an eyewitness to the incident. (*See* 12/15/25 Status Ltr., ECF No. 20, at 2.) However, the Court finds that Category 3 is not relevant or proportional to the needs of the case.

Accordingly, the Court shall separately enter on the ECF docket a "So Ordered" subpoena requiring the production only of the first two categories of material requested by Defendant.

SO ORDERED.

Dated: 02/05/2026